UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-cv-21725-KMW

RICHARD I. CLARK, *et al.,*

    Appellants,

v.

MICHAEL R. BAKST, and
GEORGE STEVEN FENDER,

    Appellees.
_____/

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

*RICHARD I. CLARK, ET AL. V. MICHAEL R. BAKST, and*
*GEORGE STEVEN FENDER*
ADV. CASE NO.: 11-1999 AJC

IN RE: TRAFFORD DISTRIBUTING CENTER, INC.
BANKRUPTCY CASE NO. 11-23492

_____

APPELLANTS' REPLY BRIEF
_____

        **DOUGLAS C. BROEKER, ESQ**.
        Florida Bar No. 306738
        Sweetapple, Broeker & Varkas, P.L.
        777 Brickell Avenue, Suite 600
        Miami, Florida 33131
        Tel.: (305) 374-5623
        Fax.: (305) 358-1023
        doug@broekerlaw.com
        **Counsel for Appellants**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

STATEMENT OF FACTS....................................................................................................1

ARGUMENT.........................................................................................................................5

CONCLUSION......................................................................................................................9

CERTIFICATE OF COMPLIANCE......................................................................................10

CERTIFICATE OF SERVICE................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Allard v. Weitzman*, 991 F.2d 1236 (6th Cir.1993)..................................................................8
*Barton v. Barbour*, 104 U.S. 126 (1881)...................................................................................5
*Carter v. Rodgers*, 230 F.3d 1249 (11th Cir. 2000)..................................................................6
*Dennis v. Sparks*, 101 S.Ct. 183 (1980)....................................................................................8
*In re American Cartage, Inc.*, 438 B.R. 1 (D. Mass. 2010) .....................................................1
*In re Candor Diamond Corp.*, 30 B.R. 17 (Bankr. S.D. N.Y. 1983)........................................1
*In re Davis*, 312 B.R. 681 (Bankr. D. Nev. 2004) ....................................................................6
*In re DeLorean Motor Co.*, 991 F.2d 1236 (6th Cir. 1993)......................................................6
*In re FBN Food Services, Inc.*, 158 B.R. 756 (Bankr. N.D. Ill. 1993)..................................6, 7
*In re Lemco Gypsum, Inc*., 910 F.2d 784 (11th Cir. 1990).......................................................7
*In re Lowenbraun*, 453 F.3d 314 (6th Cir. 2006).....................................................................7
*In re MK Lombard Group, Ltd.*, CIV.A. 04-2700, 2005 WL 735993 (E.D. Pa. Mar. 31, 2005).....1
*In re Neshaminy*, 62 B.R. 798 (E.D. Pa. 1986) .......................................................................1
*In re Ross*, 231 B.R. 74 (Bankr. W.D. Mo. 1999)....................................................................6
*Lawrence v. Goldberg*, 573 F.3d 1265 (11th Cir. 2009)..........................................................7
*Matter of Krikava*, 217 B.R. 275 (Bankr. D. Neb. 1998).........................................................6
*Stern v. Marshall*, 131 S. Ct. (2011).........................................................................................7
*United States v. Walter*, 510 F.2d 887 (3d Cir.1975)  .............................................................1

**STATUTE AND RULE**

28 U.S.C. § 1334........................................................................................................................7
Federal Rule of Appellate Procedure 10....................................................................................2
Federal Rule of Bankruptcy Procedure 8006.............................................................................1

**SECONDARY AUTHORITY**

1–3 Collier on Bankruptcy ¶ 3.01 (15th ed. 2008)....................................................................7

**STATEMENT OF FACTS**

Appellees have asked this Court to "strike or, at the very least, not consider the "Background Facts Regarding Mr. Baskt and Mr. Fender" and "The Bankruptcy and Adversary Proceedings of Trafford Distributing Center, Inc." sections of Appellants' Initial Brief [DE-8]. Appellants are surprised that Appellees ask this Court to ignore facts in this case. The facts have all been referred to, repeatedly, in the proceedings below and in filings referred to in the record herein.

The facts referenced in a statement of issues on appeal are preserved if they can be reasonably inferred from issues that are listed. Fed. R. Bankr. P. 8006; see *In re American Cartage, Inc.*, 438 B.R. 1 (D. Mass. 2010). This Court properly takes judicial notice of documents filed in the Trafford Adversary Proceedings, where the court filings are relevant to the court's exercise of discretion and the inclusion of these court filings will enable this Court to have a full understanding of the case. See *In re MK Lombard Group, Ltd.*, CIV.A. 04-2700, 2005 WL 735993 (E.D. Pa. Mar. 31, 2005); *In re Neshaminy*, 62 B.R. 798, 802 (E.D. Pa. 1986) ("a court may take judicial notice of the record in prior related proceedings and draw reasonable inferences therefrom"); *In re Candor Diamond Corp.*, 30 B.R. 17 (Bankr. S.D. N.Y. 1983) (an appellant may also include in the record on appeal items from an examination taken in the course of an adversary proceeding and from an adversary proceeding in a related case); *United States v. Walter*, 510 F.2d 887, 890 n. 4 (3d Cir.1975) (taking judicial notice of briefs and petitions filed on state courts to determine whether petitioner exhausted state remedies).

Appellants have cross-referenced the facts from their Initial Brief to documents in the Record on Appeal in Case No. 11-01999-AJC. To the extent that these documents refer to court filings in Adv. Case No. 08-01759, Adv. Case No. 08-01793, and Adv. Case No. 08-01792, that the

1

Bankruptcy Court used to exercise discretion in its orders, the inclusion of these court filings will enable this Court to have a full understanding of the facts and circumstances of the State Court Action. This Court, like the lower Court below, has access to all of these court filings on the CM/ECF system. Alternatively, Appellants seek leave to under Fed. R. App. P. 10 to complete the Record on Appeal to include the court filings in Adv. Case No. 08-01759, Adv. Case No. 08-01793, and Adv. Case No. 08-01792, referenced in the documents in the Record on Appeal.

<u>Background Facts Regarding Mr. Bakst and Mr. Fender</u>

On or about the spring or summer of 2009, the Ruden McClosky law firm was in talks with Mr. Fender to relocate him to South Florida from Orlando and work in the bankruptcy department of Ruden McClosky [DE-1-1, ¶¶ 22, 26, 29, 41][DE-16, ¶ 21][DE-32, ¶ 23]. At this time, it appears that Mr. Fender had never appeared as counsel of record in a Bankruptcy case [DE-1, ¶ 2][DE-1-1, ¶ 25][ DE-11, ¶¶ 12, 14][DE-39, fn. 3, referring to DE-246 in Adv. Case. No. 08-01793-JKO]**.** Mr. Fender's entry into bankruptcy law was courtesy of Mr. Bakst, who was in charge of the bankruptcy department for the Ruden McClosky law firm, and who allegedly enabled the relocation and hiring of Mr. Fender [DE-1-1, ¶¶ 22, 26, 29, 41][DE-16, ¶ 21]. At this time, Mr. Fender was Judge Olson's fiancé, and is now his spouse [DE-1-1, ¶¶ 7, 22, 26]. Also at this time, Mr. Bakst had a number of matters pending before Judge Olson, including hotly contested Adversary Proceedings with Appellants in Adv. Case No. 08-01759, Adv. Case No. 08-01793, and Adv. Case No. 08-01792. Mr. Bakst, nor Judge Olson, took any steps to disclose their relationships with Mr. Fender, to Appellants or their counsel [DE-16, ¶ 21][DE-32, ¶ 23].

Within four months of being hired by the Ruden McClosky law firm, Mr. Fender was designated as counsel for trustee in cases where Mr. Bakst or Soneet Kapila (the Trustee in the

2

underlying bankruptcy case) was the trustee [DE-16, ¶¶ 2, 21][DE-32, ¶¶ 2, 23]. Fees to be earned by Mr. Fender, in this arrangement, would be a financial benefit to the Olson-Fender household [DE-1-1, ¶ 26]. Such efforts by Mr. Bakst to influence Judge Olson through these occurrences were not part of his duties as counsel for the Trustee in the underlying bankruptcy case, but as an attorney in his individual capacity [DE-1-1][DE-16, ¶¶ 19, 21]. Likewise Mr. Fender, who was not counsel for the trustee in the underlying bankruptcy case, is alleged to have been a knowing participant in this wrongful conduct [DE-1-1]. Appellants assert that their claims (for conspiracy to obstruct the due operation of law and deprive the Appellants of their right to a fair trial, and fraudulent corruption of the judicial process) are against Appellees as attorneys in their individual capacities and do not relate to the bankruptcy proceedings for purposes of bankruptcy jurisdiction [DE-1-1][DE-16, ¶¶ 15, 16, 18, 44].

<u>The Bankruptcy and Adversary Proceedings of Trafford Distributing Center, Inc.</u>

On or about June 13, 2008, Appellant, Barbara Wortley ("Mrs. Wortley"), as President of Trafford Distributing Center, Inc., ("Debtor" or "Trafford") commenced a Chapter 7 Bankruptcy Petition in the Southern District of Florida under Case No. 08-17980, *In re Trafford Distributing Center, Inc. a/k/a Trafford Distribution Center, Inc.* [DE-1-1, ¶ 11]. Soneet R. Kapila ("Mr. Kapila" or "Trustee"), was appointed Trustee for the Entity in bankruptcy on June 16, 2008 [DE-1-1, ¶ 12]. Michael R. Bakst, Esq. ("Mr. Bakst") on behalf of the Ruden McClosky law firm, was counsel for the Trustee [DE-1-1, ¶ 13]. In November 2008, the Trustee filed adversary proceedings against Appellants, Richard I. Clark as Trustee for the Joseph M. Wortley Trustee d/b/a X Co. Factoring Corp., Mrs. Wortley, and Liberty Properties at Trafford, LLC, Liberty Associates, LC, and Advanced Vehicle Systems, LLC (collectively referred to as "Appellants") [DE-1-1, ¶13].

From the time of filing the petition through the summer of 2009, the Trafford Litigation proceeded in a normal fashion with discovery conducted by counsel [DE-1-1, ¶ 15]. Commencing in the summer of 2009, however, Bankruptcy Court Judge John K. Olson ("Judge Olson") became openly hostile to the Appellants, and their positions, which was evidenced by the entry of a Summary Judgment, for more relief than was requested, rulings on points of law that were clearly issues of fact, entering a permanent injunction on a matter where he had previously dissolved a temporary injunction and no new evidence or conduct was asserted, striking an expert witness who refuted the Trustee's position as an expert, and making statements which were intimidating and calculated to coerce the Appellants to settle the claims that had been brought against them [DE-1-1, ¶ 16].

On or about June 30, 2010, Judge Olson entered a Final Judgment which neither recited nor adopted any of the testimony of any of the Appellants' witnesses offered and essentially adopted the proposed findings submitted by Mr. Bakst [DE-1-1, ¶ 18]. Judge Olson included an award in the amount of $2.3 million against Mrs. Wortley based on a "theory of deepening insolvency", that was not pled for by the Trustee [DE-1-1, ¶ 18]. In fact, Trustee's Motion for Summary Judgment requested $418,879.37 in damages [DE-1-1, ¶ 19]. Appellants assert that Judge Olson entered these Orders, which had no basis in law and fact, and were contrary to the Trustee's own expert testimony and reports, because Judge Olson was corrupted by the conduct of Mr. Bakst as set forth in the State Court Action [DE-1-1, ¶ 19]. Irrespective of the fact that the Trafford Litigation concerned Mr. Bakst's collective demand of $418,879.37 from Appellants herein, with no taxable fee award pled or available as a matter of law, Mr. Bakst ran up attorneys' fees in excess of $400,000.00 [DE-1-1, ¶ 19]. In August, 2010, fees of such magnitude could only be awarded if funds were collected by the Bankruptcy Estate [DE-1-1, ¶ 19]. Appellants were the only potential source to pay additional

4

sums to the Estate [DE-1-1, ¶ 19]. These fees would only be awarded to Mr. Bakst and his firm by Judge Olson, if a large recovery was made against Appellants [DE-1-1, ¶ 19].

Before Final Judgment was entered, associates at Ruden McClosky were already pursuing collection efforts [DE-39, ¶ 7]. Time entries eight weeks after trial reflected numerous garnishments were researched and prepared [DE-39, ¶ 7]. Five days before Judge Olson's Findings and Conclusions, and Final Judgment was entered, there were a flurry of collection related communications and activities [DE-39 ¶ 7]. This is further evidence of corruption of the judicial process by Mr. Bakst, with Mr. Fender's involvement, by implication.

Thereafter, Appellants were required to spend many tens of thousands of dollars to ultimately obtain the recusal of Judge Olson from these proceedings, due to the undisclosed interest between Judge Olson, Mr. Fender, Mr. Bakst, and the Ruden McClosky law firm, that substantially affected by the outcome of the proceedings [DE-1-1, ¶ 39]. Judge Olson initially refused to recuse himself, and only did so after the Chief Federal Judge for the Southern District of Florida made comments, on the record during an Appellate Status Conference, regarding Judge Olson's handling of the proceedings and suggested that the parties agree to recusal [DE-1-1, ¶ 39]. After recusing himself from the bankruptcy proceedings, the cases were then transferred again [DE-31, p. 3] and are now in front of Judge Cristol, where this Removal under review is to that Court.

## ARGUMENT

**I.     Appellants did not need to comply with the requirements of the Barton Doctrine**

Appellees assert that Appellants herein, and their undersigned counsel, failed to comply with the requirements set out in *Barton v. Barbour*, 104 U.S. 126 (1881) ("the Barton Doctrine"), therefore the state court lacked subject matter jurisdiction to hear the State Court Action. In

5

accordance with the Barton Doctrine, "a debtor must obtain leave of the Bankruptcy Court before initiating an action...when that action is against the Trustee or other Bankruptcy Court appointed officer, <u>for acts done in the actor's official capacity</u>." *Carter v. Rodgers*, 230 F.3d 1249, 1252 (11th Cir. 2000) (emphasis supplied). Leave of the appointing forum is required to sue a trustee's counsel for <u>acts done within the trustee's or counsel's official capacity</u> and within their authority in the bankruptcy. *In re DeLorean Motor Co.*, 991 F.2d 1236 (6th Cir. 1993) (emphasis supplied); *In re Ross*, 231 B.R. 74 (Bankr. W.D. Mo. 1999); *Matter of Krikava*, 217 B.R. 275 (Bankr. D. Neb. 1998). Leave of court need not be sought before filing suit against the trustee, or other court appointed parties, if they are acting in excess of their authority or <u>in an unofficial capacity</u>. *In re Davis*, 312 B.R. 681 (Bankr. D. Nev. 2004) (emphasis supplied).

      The Barton Doctrine did not apply in the State Court Action because Mr. Bakst was not acting in his official capacity as counsel for the Trustee when he improperly influenced Judge Olson, and Mr. Fender could not (or should not) have been counsel for the Trustee because he was a fiancé, or spouse of Judge Olson, and the subject Adversary cases were then pending in front of Judge Olson. Mr. Bakst's misconduct was done outside the official authority, scope, and representation as counsel for the Trustee in the adversary bankruptcy cases, and in the capacity as an individual attorney for Ruden McClosky. Mr. Fender was not involved in these cases, nor represented any party, therefore, his misconduct cannot and did not arise under, arise in, and was not related to the cases, and the Barton Doctrine does not apply in this case.

      A court has no authority to preclude Appellants herein from further prosecuting the State Court Action, when the proceedings are not the type of proceedings which target acts done in the counsel for Trustee's official capacity and within his authority as an officer of court. See *In re FBN*

*Food Services, Inc.*, 158 B.R. 756 (Bankr. N.D. Ill. 1993). Appellees cite to *Lawrence v. Goldberg*, 573 F.3d 1265 (11th Cir. 2009), where the debtor was held in criminal contempt and incarcerated for failure to abide by a series of court orders including willful failure to provide discovery, and failure to turn over assets. After being incarcerated, Mr. Lawrence brought a lawsuit against the Trustee, Trustee's counsel and others, alleging that actions taken, in pursuing the bankruptcy proceeding, were tortious. Clearly the Barton Doctrine applies to those facts, because the very acts complained of were acts to pursue the litigation (obtaining orders, holding hearings, gathering evidence). By contrast, in the State Court Action, Appellants complain about Mr. Bakst's conduct by improperly influencing a Judge, outside the scope of his responsibilities as counsel for Trustee, and outside the scope of the case.

Appellees also cite to *In re Lowenbraun*, 453 F.3d 314 (6th Cir. 2006), stating that the Barton Doctrine applies in this case because Appellants' claims in the State Court Action would not exist but for the bankruptcy proceeding. However, "[t]here is no 'but for' test for arising in jurisdiction; that is, the fact that a matter would not have arisen had there not been a bankruptcy case does not *ipso facto* mean that the proceeding qualifies as an "arising in" proceeding." 1–3 Collier on Bankruptcy ¶ 3.01[4][c][iv] (15th ed. 2008). The mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of U.S.C. § 1334(b). *In re Lemco Gypsum, Inc.*, 910 F.2d 784 (11th Cir. 1990). Any other result would surely expand bankruptcy jurisdiction well beyond that which is constitutional. *Stern v. Marshall*, 131 S. Ct. (2011).

It is without dispute that counsel for Trustee would enjoy protection of the Barton Doctrine, so long as he "acts at the direction of the trustee and for the purpose of administering the estate or

7

protecting its assets." *Allard v. Weitzman*, 991 F.2d 1236, 1241 (6th Cir.1993). What the Appellees fail to acknowledge is that the State Court Action naming Mr. Bakst and Mr. Fender (the now spouse of Judge Olson), seeks damages for acts that were not for the purpose of administering the estate or protecting its assets. Rather, these acts were intentional torts, and even criminal acts, and by definition were outside the scope of any authority and official capacity that could have been conferred by the Court to the Trustee or by the Trustee to his counsel.

  The Barton Doctrine does not apply to Mr. Bakst due to the fact that he acted outside of and not in his official capacity as counsel for the Trustee, and the Barton Doctrine does not act as a shield to the intentional bribing of a judge. See *Dennis v. Sparks*, 101 S.Ct. 183, 187-88 (1980). Misconduct on behalf of Mr. Bakst does not correlate to the administration of the estate, but rather to the tortious actions in his individual capacity as a member of The Florida Bar. In bringing the State Court Action, Appellants herein assert that Mr. Bakst was not acting in his official capacity as counsel for the Trustee, but in the capacity as an attorney of The Florida Bar, when he participated in Mr. Fender's hiring as an attorney for the Ruden McClosky firm, and repeatedly hired Mr. Fender as his counsel when Mr. Bakst was a Bankruptcy Trustee in other bankruptcy cases and Mr. Fender was appointed as his counsel. These actions conferred a significant financial and personal benefit upon Appellees and Judge Olson. As a result of the Ruden McClosky firm hiring Mr. Fender, and Mr. Bakst repeatedly hiring him, as Trustee's counsel in other cases, Mr. Fender was able to relocate from Orlando, reside with Judge Olson, and receive substantial financial and professional benefit. The conduct was clearly outside Mr. Bakst's official capacity as counsel for Trustee.

  The Barton Doctrine does not apply to Mr. Fender as he is not a trustee, nor has he officially filed a notice of appearance to be counsel for the Trustee, and claims he never served as counsel to

8

the Trustee, at least in the bankruptcy case below. Since the Barton Doctrine does not apply to Mr. Fender, this Court had no authority to preclude Appellants herein from further prosecuting the State Court Action against Mr. Fender, who claims that he was not acting as counsel to the Trustee. No leave of court was required to sue Mr. Fender for conspiring with Judge Olson and Mr. Bakst, to bribe Judge Olson, and deprive Appellants herein their constitutional rights.

Accordingly, the Barton Doctrine is inapplicable to the State Court Action because the State Court Action involved common law torts that are outside the scope of Mr. Bakst's activities on behalf of the Trustee and, instead, are common law torts involving corruption of a judge in a pending case.

## **CONCLUSION**

For the reasons set forth above, the Order under review should be reversed. The Bankruptcy Court must abstain, and the State Court Action must be remanded to the Broward County 17th Judicial Circuit Court of Florida.

Respectfully submitted,

By: s/ Douglas C. Broeker
**Douglas C. Broeker, Esquire**
Florida Bar No. 306738
Doug@broekerlaw.com
**SWEETAPPLE, BROEKER & VARKAS, P.L.**
777 Brickell Avenue, Suite 600
Miami, Florida 33131
Tel.: (305) 374-5623
Fax.: (305) 358-1023
Counsel for Appellants

9

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: **s/ Douglas C. Broeker**
　　Douglas C. Broeker, Esquire
　　Florida Bar No. 306738

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to: **Paul Avron, Esq**., Berger Singerman, LLP, Counsel for Appellees, 2650 N Military Trl, Suite 240, Boca Raton, Florida 33431-6350 pavron@bergersingerman.com and **Rilyn A. Carnahan, Esq**., Greenspoon Marder, PA, 222 Lakeview Ave., Suite 800, West Palm Beach FL 33401 rilyn.carnahan@gmlaw.com, on this **26th** day of June, 2012.

By:　s/ Douglas C. Broeker
　　**Douglas C. Broeker, Esquire**
　　Florida Bar No. 306738
　　Doug@broekerlaw.com