UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 12-CV-21725-WILLIAMS

RICHARD I. CLARK, et al.

    Appellants,

vs.

MICHAEL R. BAKST, and
GEORGE STEVEN FENDER,

    Appellees.

_____/

## ORDER ON APPEAL

THIS MATTER is before the Court on appeal of the Bankruptcy Court's Order Denying Motion for Remand and Abstention entered on July 22, 2011, in the bankruptcy case *In re: Trafford Distributing Center, Inc.*, No. 11-23492-BKC-AJC, and in the adversarial case *Richard I. Clark, et al. v. Bakst*, No. 11-1999-BKC-AJC-A [D.E. 1]. For the reasons stated below, the Bankruptcy Court's Order is AFFIRMED.

    I.    **Background**

This appeal concerns the jurisdiction of the Bankruptcy Court over common law tort claims brought in state court by a party to a bankruptcy action against counsel for the bankruptcy trustee and his law partner. Appellants' company, Trafford Distributing Center, Inc., originally filed a Chapter 7 bankruptcy petition in 2008 [D.E. 7 at 9]. Soneet R. Kapila was appointed trustee for the bankrupt company, and attorney Michael R. Bakst, Esq. was selected as counsel for the trustee. *Id.* The trustee later filed adversarial actions against Appellants related to the underlying bankruptcy case.

1

*Id.* at 9-10. The bankruptcy case and the adversarial proceedings were brought before U.S. Bankruptcy Judge John K. Olson. *Id.* at 10.

On June 30, 2010, Judge Olson issued a Final Judgment that was adverse to Appellants. *Id.* at 11. Appellants later learned of what they considered to be a conflict of interest involving the judge: during the course of the litigation, Bakst's law firm, Ruden McClosky P.A., had been negotiating to hire George Steven Fender, Judge Olson's romantic partner at the time (and later his spouse). *Id.* at 12. Appellants then filed motions seeking to have the Final Judgment amended and to have Kapila and Bakst disqualified as trustee and trustee's counsel [D.E. 2-2 at 12]. Appellants also filed motions seeking Judge Olson's recusal from the cases on August 24, 2010, and September 3, 2010. *Id.* On October 28, 2010, Judge Olson recused himself from the Trafford-related cases, which were transferred to Judge Raymond B. Ray. *Id.* at 12-13. Following Appellants' requests for the recusal of Judge Ray, the cases were transferred to Judge A. Jay Cristol. *Id.* at 13.

On April 27, 2011, Appellants filed a tort action against Bakst and Fender in the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Florida, asserting claims for "conspiracy to obstruct the due operation of law" and "fraudulent corruption of the judicial process" *Id.* at 29-39. Appellants did not seek leave of the Bankruptcy Court before filing their suit in state court. *Id.* at 211-12. In the suit, Appellants sought compensatory damages including attorneys' fees and costs they allegedly incurred while litigating the recusal of Judge Olson. *Id.* at 29-39. At the time the state court action was filed, Appellants' motion for an amended judgment and their motion to disqualify Bakst and Kapila were still pending in Bankruptcy Court [D.E. 1 at 6; D.E. 2-2

2

at 19 ¶ 53]. Appellees then removed the state action to the Bankruptcy Court pursuant to 28 U.S.C. § 1452 [D.E. 2-2 at 9-24]. Appellants objected on the grounds that the state action was not a proceeding over which the bankruptcy court had jurisdiction. *Id.* at 44-51. Appellants also filed a motion to remand the state court action back to Broward County Circuit Court and a motion for abstention. *Id.* at 73-85. On July 22, 2011, Judge Cristol entered an Order Denying Appellants' Motion for Remand and for Abstention of the State Court Action [D.E. 1 at 5-7]. On August 19, 2011, Judge Cristol denied Appellants' Motion for a Rehearing on the matter. *Id.* at 8-9.

On September 2, 2011, Appellants filed a Motion for Leave to Appeal Judge Cristol's Order Denying Appellants' Motion for Remand and for Abstention of the State Court Action [D.E. 1 at 1]. On February 24, 2012, this Court found that Appellants could proceed with their interlocutory appeal as to the issue of whether abstention by the Bankruptcy Court was mandatory under 28 U.S.C. § 1334(c)(2) [D.E. 5 at 7-8].

## II. Standard of Review

A bankruptcy court's conclusions of law are reviewed *de novo*, *Doane v. Friendship Airways Leasing, Inc.*, No. 11-61777-CIV, 2012 WL 94487, at *2 (S.D. Fla. Jan. 11, 2012), and a bankruptcy court's findings of fact are reviewed for clear error. Fed. R. Bankr. P. 8013. A finding of fact is clearly erroneous if "the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Jones v. Childers*, 18 F.3d 899, 904 (11th Cir. 1994).

## III. Analysis

Appellants argue that the Bankruptcy Court did not have jurisdiction over the state action under 28 U.S.C. § 1334(b), which provides that district courts shall have jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases

3

under title 11." 28 U.S.C. § 1334(b). In the alternative, Appellants argue that their state claims against Bakst and Fender qualify at most as proceedings "related to" the bankruptcy actions, and that the bankruptcy court should have abstained from the state suit pursuant to 28 U.S.C. § 1334(c)(2) [D.E. 7 at 16-27].

Appellees argue that Appellants' state action was a "core proceeding" falling within the Bankruptcy Court's jurisdiction, and that Appellants were required by the "Barton doctrine" to seek leave of the Bankruptcy Court before filing their state action against trustee's counsel [D.E. 8 at 16-28]. Thus, before examining whether the Bankruptcy Court has jurisdiction over the state action, the Court will first determine if the Barton doctrine barred Appellants' state action.

### A. The Barton Doctrine

The "Barton doctrine," derived from *Barton v. Barbour*, 104 U.S. 126 (1881), sets out a rule of federal common law requiring a debtor to obtain leave of the Bankruptcy Court before initiating an action against a trustee, a trustee's counsel, or any other officer appointed by the Bankruptcy Court for acts done in the actor's official capacity. *Lawrence v. Goldberg*, 573 F.3d 1265, 1269 (11th Cir. 2009)(quoting *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000)). The rule is designed to prevent the "usurpation of the powers and duties" of the Bankruptcy Court by litigants through actions brought before another court. *Lawrence*, 573 F.3d at 1269 (quoting *Barton*, 104 U.S. at 136). In addition, the rule aims to "ensure the proper functioning of the bankruptcy process" by protecting the trustee and other court officers from potentially burdensome or vexatious suits from disappointed litigants. *Lawrence*, 573 F.3d at 1269. Absent leave of the bankruptcy court, a state court cannot have subject-matter jurisdiction over a claim against a trustee or other court officer based on that officer's official conduct. *See*

4

*Carter*, 220 F.3d at 1255; *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 321-22 (6th Cir. 2006). Appellees argue that the Bankruptcy Court could not abstain from Appellants' state court action because, under the Barton doctrine, the state court could not have jurisdiction over Appellants' tort claims [D.E. 8 at 24].

Appellants argue that the Barton doctrine is inapplicable because their claims against Bakst are based on conduct outside his "official capacity" as trustee's counsel [D.E. 13 at 9-10]. They argue that their tort claims are based only on Bakst's actions in helping Fender get hired at Ruden McCloskey and his attempts to "improperly influenc[e]" Judge Olson, activity which falls outside Bakst's official capacity as the trustee's counsel. *Id.* at 10-11. This argument, however, is a thinly veiled attempt to disguise the nature of the claims Appellants seek to pursue against Bakst and Fender. Appellants' state action alleges that Bakst and Fender (and Judge Olson) conspired to obstruct "due operation of law" and deprive Appellants of a fair trial in the Bankruptcy Court, and accuses them of fraudulent corruption of the judicial process [D.E. 2-2 at 34-39]. This alleged conspiracy necessarily arose from and depended on Bakst's conduct in his position as trustee's counsel; indeed, it was only by virtue of his role as counsel to the trustee that Bakst could be in a position to influence Judge Olson or conspire with him. Appellants acknowledged as much in their Complaint in the state action, in which they alleged that an object of the conspiracy was to reward Bakst for his assistance to Fender and Judge Olson through "substantial and unjustified attorneys' fees for the Bankruptcy Estate....funded by judgments levied against" the Appellants. *Id.* at 35 ¶ 28. Thus, according to the Complaint, Bakst's fees as trustee's counsel, paid through the bankruptcy estate, were the vehicle by which Bakst was rewarded for allegedly aiding

5

the judge's future spouse. In addition, Appellants accused Bakst of engaging in *ex parte* communications with Judge Olson about their bankruptcy cases. *Id.* at 35-36 ¶ 31. Under the theory of Appellants' state claims, such communications, assuming they occurred, were inappropriate precisely because Bakst was counsel to the trustee. In essence, Appellants' state Complaint describes an elaborate scheme to bribe a bankruptcy judge. Nonetheless, Appellants want this Court to ignore the benefit allegedly conferred upon counsel for the bankruptcy trustee in the *quid pro quo* of the scheme in a tortured effort to avoid the application of the Barton doctrine. This the Court cannot do. It is clear that Appellants' tort claims against Bakst are based on his actions while performing in his official capacity as trustee's counsel, and therefore the claims against Bakst fall squarely within the Barton doctrine. In a similar case, the Eleventh Circuit also concluded that claims based on a trustee or court officer's alleged misconduct or *ultra vires* actions may come within the scope of the *Barton* doctrine. *See Lawrence*, 573 F.3d at 1271 (applying *Barton* to claims that court officers "unlawfully attempted to bring assets into the bankruptcy estate"); *see also McDaniel v. Blust*, 668 F.3d 153, 157-58 (4th Cir. 2012)(applying *Barton* to fraud and intentional tort claims against trustee); *In re Lowenbraun*, 453 F.3d at 322 (finding a "presumption" that a trustee's conduct is within the scope of his or her duties, and thus subject to the *Barton* doctrine, absent a factual showing to the contrary by the plaintiff). For these reasons, the Court finds that the claims against Bakst arise from his role as trustee's counsel in the bankruptcy actions, and the Barton doctrine required appellants to seek leave of the Bankruptcy Court before filing the action in Broward County Circuit Court.

Therefore, it was not error for Judge Cristol to deny Appellants' Motion for Remand and Abstention as to the claims against Bakst.

Appellants also argue that the Barton doctrine should not apply to their claims against Fender, because Fender did not play a formal role in the bankruptcy cases [D.E. 13 at 11-12]. However, it was not error for Judge Cristol to deny the motion as to the claims against Fender, because the claims against Fender were based solely on his alleged conspiracy with Bakst while Bakst was acting as trustee's counsel. *See Blixseth v. Brown*, 470 B.R. 562, 567 (D. Mont. 2012)(holding that "*Barton* applies with equal force" to claims against co-defendants accused of conspiring with a court-appointed official).

### B. The Bankruptcy Court's Jurisdiction

Aside from the *Barton* issue, Appellants argue that the Bankruptcy Court did not have jurisdiction over their state claims, and that the Bankruptcy Court was therefore required to abstain and remand the state action under 28 U.S.C. § 1334(c)(2) [D.E. 7 at 17-19].

Under 28 U.S.C. § 1334(b), the district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). However, the court must abstain from proceeding in an action based on state law claims "related to a case under title 11 but not arising under title 11 or arising in a case under title 11," and where the state claims could not have been brought in a federal court absent jurisdiction under § 1334. 28 U.S.C. § 1334(c)(2).

In his order denying Appellants' Motion for Remand and Abstention, Judge Cristol concluded that Appellants' state action against Bakst and Fender was an action

"arising in" and "related to" the bankruptcy cases, and therefore within the jurisdiction of the Bankruptcy Court [D.E. 1 at 6]. Judge Cristol found that the state action was a "core proceeding" under the Bankruptcy Code, and that the state action (1) involved property of the bankruptcy estate; (2) affected the liquidation of the debtor's assets or the adjustment of the debtor-creditor relationship; and (3) affected the administration of the bankruptcy estate. *Id.* Judge Cristol further found that the allegations in the state action were directly related to the bankruptcy cases and the course of their administration. *Id.*

Appellants raise two arguments in their challenge to the Bankruptcy Court's Order: (1) that the state action was so unrelated to the bankruptcy cases that it fell beyond the scope of the Bankruptcy Court's jurisdiction as defined by § 1334(b); and (2) that the state action could only qualify as a proceeding "related to" the bankruptcy cases, requiring the Bankruptcy Court to abstain from the state action under 28 U.S.C. § 1334(c)(2) [D.E. 7 at 16-29]. Appellees argue that the state action is a claim "arising in" a bankruptcy case under title 11, and therefore the Bankruptcy Court was not obliged to abstain and remand the case [D.E. 8 at 26-27].

1. **"Arising In" Jurisdiction**

Proceedings "arising under" and "arising in" title 11 under 28 U.S.C. § 1334(b) have been defined as those proceedings considered "core proceedings" which a bankruptcy court may hear under 28 U.S.C. § 157. *See Welt v. MJO Holding Corp. (In re Happy Hocker Pawn Shop, Inc.)*, 212 F.App'x 811, 816 (11th Cir. 2006); *HOC, Inc. v. McAllister (In re McAllister)*, 216 B.R. 957, 964 (N.D. Ala. 1998). While "arising under" proceedings are matters invoking a substantive right created by the Bankruptcy Code, "arising in" proceedings are understood to be "administrative-type matters," or matters that "could arise only in bankruptcy." *Continental Nat'l Bank v. Sanchez (In re Toledo)*,

8

170 F.3d 1340, 1344-45 (11th Cir. 1999)(quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). A core proceeding "must always implicate the property of the estate." *Happy Hocker*, 212 F.App'x at 816; *Toledo*, 170 F.3d at 1348.

Section 157(b)(2) contains a non-exclusive list of "core proceedings," two of which are relevant to Judge Cristol's Order and this appeal: § 157(b)(2)(A), matters concerning the administration of the estate; and § 157(b)(2)(O), a "catch-all" provision defining core proceedings as "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship." In his order, Judge Cristol specifically found that the Appellants' state action implicated property of the estate [D.E. 1 at 6].

The Court concludes, as Judge Cristol did, that Appellants' suit against Bakst and Fender was a "core proceeding" concerning the administration of the estate. Many courts have expressly held that a common-law tort action against a trustee or other court-appointed officer alleging misconduct in the administration of the bankruptcy estate constitutes a core proceeding. *See, e.g., Harris v. Wittman (In re Harris)*, 590 F.3d 730, 738-41 (9th Cir. 2009); *Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 260-61 (3d Cir. 2007); *Mourad v. Farrell (In re V&M Mgmt., Inc.)*, 321 F.3d 6, 7-8 (1st Cir. 2003); *Lowenbraun*, 453 F.3d at 321; *Blixseth*, 470 B.R. at 569. In describing the contours of "arising in" jurisdiction, the Eleventh Circuit has defined such proceedings as "administrative-type matters" or "matters that could only arise in bankruptcy," borrowing the test formulated by the Fifth Circuit in *Wood*. *Toledo*, 170 F.3d at 1344-45 (quoting *Wood*, 825 F.2d at 97). Under the *Wood* test, a proceeding "arising in" a bankruptcy case is one which is "not based on any right

9

expressly created by title 11, but nevertheless, would have no existence outside of bankruptcy," or which "by its nature, could arise only in the context of a bankruptcy case." *Wood*, 825 F.2d at 97. Here, Appellants have filed an action in state court that challenges the conduct of the trustee's counsel and the integrity of the bankruptcy court itself. The Court cannot imagine any scenario in which such a claim could exist outside the context of bankruptcy, since the very subject of Appellants' state complaint is the court's legitimacy, and the rights Appellants seek to vindicate in the state action are derived from the underlying bankruptcy cases. Indeed, as Judge Cristol noted in his Order, Appellants' state claims mirror claims they raised in motions pending before the Bankruptcy Court at the time the state action was filed [D.E. 1 at 6]. Given that Appellants' tort claims are premised on the alleged corruption of the Bankruptcy Court, it seems clear that these claims are "inseparable from the bankruptcy context" and thus qualify as a core proceeding over which the Bankruptcy Court had proper jurisdiction. *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 931 (5th Cir. 1999)(applying the *Wood* test and holding that a malpractice action against a court-appointed examiner over its conduct in a bankruptcy case was a core proceeding).

Appellants also argue that the Bankruptcy Court did not have proper jurisdiction over their state action because their state claims do not involve property of the bankruptcy estate [D.E. 7 at 17-18]. This argument is belied by the complaint itself. In the state action, Appellants alleged that Judge Olson rewarded Bakst with "substantial and unjustified attorneys' fees" levied against Appellants in the bankruptcy action [D.E. 2-2 at 35 ¶ 28]. As the Fifth Circuit concluded in *Southmark*, a claim involving the fees

awarded under the superintendence of the bankruptcy court "cannot stand alone" as an independent claim outside the bankruptcy court's jurisdiction. *Southmark*, 163 F.3d at 931. Because Appellants' tort claims specifically challenge the professional fees paid to Bakst as counsel to the trustee, the Court finds that Judge Cristol did not err in concluding that Appellants' state action implicates property of the estate.

In conclusion, the Court finds that Appellants' state action against Bakst and Fender constituted a core proceeding under 28 U.S.C. § 157(b), and the Bankruptcy Court had proper jurisdiction over the matter under 28 U.S.C. § 1334(b). Because Appellants' suit was a claim "arising in" a case under title 11, the Bankruptcy Court was not required to abstain from the suit under 28 U.S.C. § 1334(c)(2). The Court further finds that the Broward County Circuit Court did not have proper jurisdiction over the matter because Appellants did not seek leave of the Bankruptcy Court before filing their state action, as required under the Barton doctrine. Therefore, Judge Cristol's Order Denying Appellants' Motion for Remand and for Abstention of the State Court Action [D.E. 1 at 5-7] is AFFIRMED.

DONE AND ORDERED in Chambers in Miami, Florida, this ___ day of October, 2013.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copies furnished to:
The Honorable A. Jay Cristol
Counsel of record