UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-21725-KMW

RICHARD I. CLARK AS TRUSTEE FOR
THE MATTHEW WORTLEY TRUST
d/b/a X CO. FACTORING CORP., LIBERTY
PROPERTIES AT TRAFFORD, LLC,
LIBERTY ASSOCIATES, LLC, ADVANCED
VEHICLE SYSTEMS, LLC, AND
BARBARA WORTLEY,

     Appellants,

v.

MICHAEL R. BAKST and
GEORGE STEVEN FENDER,

     Appellees.

_____/

### APPELLANTS' MOTION FOR RECONSIDERATION

Appellants, RICHARD I. CLARK, AS TRUSTEE FOR THE MATTHEW WORTLEY TRUST d/b/a X CO. FACTORING CORP., LIBERTY PROPERTY AT TRAFFORD, LLC, LIBERTY ASSOCIATES, LLC., ADVANCED VEHICLE SYSTEMS, LLC, AND BARBARA WORTLEY, in accordance with Federal Rules of Bankruptcy Rule Procedure 8015, moves for rehearing on the "Order on Appeal" entered by this Court on October 8, 2013, [D.E. 14], and as good grounds therefor would show that:

    1.    This matter is before the Court on an appeal of the Bankruptcy Court's Order denying Appellants' Motion to Remand certain tort claims to the Circuit Court in and for Broward County, Florida, where they were originally filed (the "State Court Action").

2. This Court entered an Order dated October 7, 2013 and uploaded October 8, denying the appeal and affirming the Bankruptcy Court's Order denying remand.

3. This Court has misapprehended the law relating to the Barton Doctrine as applied to the facts in this case.

4. In particular, this Court states:

> It is clear that Appellants' tort claims against Bakst are based on his actions while performing in his official capacity as Trustee's counsel, and therefore the claims against Bakst fall squarely within the Barton Doctrine.

Order at p. 6.

5. The allegations against Mr. Bakst are beyond his official capacity as Trustee's counsel because the act of hiring Mr. Fender was not something that Mr. Bakst would have done in his official capacity. *See Carter v. Rodgers*, 230 F.3d 1249, 1252 (11th Cir. 2000). Leave of the appointing forum is required to sue a trustee's counsel for <u>acts done within the trustee's or counsel's official capacity</u> and within their authority in the bankruptcy. *In re DeLorean Motor Co.*, 991 F.2d 1236 (6th Cir. 1993) (emphasis supplied); *In re Ross*, 231 B.R. 74 (Bankr. W.D. Mo. 1999); *Matter of Krikava*, 217 B.R. 275 (Bankr. D. Neb. 1998). Leave of court need not be sought before filing suit against the trustee, or other court appointed parties, if they are acting in excess of their authority or <u>in an unofficial capacity</u>. *In re Davis*, 312 B.R. 681 (Bankr. D. Nev. 2004) (emphasis supplied).

6. Mr. Bakst was not acting in his official capacity as counsel for the Trustee when he improperly influenced Judge Olson by hiring Mr. Fender. Mr. Bakst's misconduct was done outside the official authority, scope, and representation as counsel for the Trustee in the adversary bankruptcy cases. The Bankruptcy Court had no authority to preclude Appellants herein from further prosecuting the State Court Action, when the proceedings are not the type of

proceedings which target acts done in the counsel for Trustee's official capacity and within his authority as an officer of court. See *In re FBN Food Services, Inc.*, 158 B.R. 756 (Bankr. N.D. Ill. 1993).

7. The Court cites to *McDaniel v. Blust*, 668 F.3d 153, 157-58 (4th Cir. 2012) as authority on this point. However, in *McDaniel*, the Court considered allegations relating to discovery improprieties, and issues relating to documents used in the litigation. Such conduct was clearly in the pursuit of the litigation, as distinguished from the conduct here.

8. The Court also cites to *Lawrence v. Goldberg*, 573 F.3d 1265 (11th Cir. 2009), where the debtor was held in criminal contempt and incarcerated for failure to abide by court orders relating to providing discovery, and turnover of assets. Mr. Lawrence sued the Trustee, Trustee's counsel and others, alleging that the actions taken were tortious. Clearly the Barton Doctrine applies to those facts, because the very acts complained of were acts to pursue the litigation. On this same point the Court also cites *In re Lowenbraun*, 453 F.3d 314 (6th Cir. 2006), which is another case involving actions taken within the scope of duties in pursuit of a bankruptcy case.

9. In this action, by contrast, Appellants met the challenge set forth in *Lowenbraun,* and alleged, at the outset, facts demonstrating that Mr. Bakst acted outside the scope of his "official capacity" when he hired Mr. Fender. See *McDaniel,* 668 F.3d at 157, quoting *In re Lowenbraun*, 453 F.3d at 322. The Barton Doctrine does not act as a shield to the intentional bribing of a judge; see *Dennis v. Sparks*, 101 S.Ct. 183, 187-88 (1980), and cannot be applied herein.

10. This Court has misapprehended the facts as this Court appears to be under the belief that Mr. Bakst and his law firm received attorney's fees in the underlying action, or that

Appellants' damages in the action, below, relate to attorneys' fees in connection with the defense of the bankruptcy proceeding. This is incorrect. In the cited paragraph of Appellants' Complaint, Appellants allege that the employment of Mr. Fender:

> was done with the specific intent of being awarded substantial and unjustified attorneys' fees for the bankruptcy estate in which Plaintiffs were then defendants to be funded by judgments levied against Plaintiffs herein.

Complaint at ¶28. At the time of the hiring, attorney's fees had not been awarded, and have still not been awarded. This was merely an allegation relating to <u>intent</u>. As for damages, Plaintiffs are specifically only seeking the attorneys' fees expended in prosecuting the Motion to Recuse. Therefore, the attorneys' fees are directly related to the activity which this Court characterizes as "corrupt."

11. As stated in ¶45 of Appellants' State Court Complaint, "as a result of Defendants' actions, Plaintiffs have been damaged and required to expend attorney's fees to cause the recusal of Judge Olson in order to obtain a trial before a judge who is not presumptively and actually biased."

12. Finally, on September 1, 2011, Appellants filed "Plaintiff's Motion for Leave to File Suit, *Nunc Pro Tunc* April 27, 2011", [D.E. 39] in the case below.

13. For the reasons set forth herein, this Court should rehear this matter, conduct oral argument, vacate its "Order on Appeal" and enter an Order reversing the Bankruptcy Court, remanding this matter with directions to remand the State Court Action to the Broward County Circuit Court, and for any other relief this Court considers just and equitable.

## CONCLUSION

For the reasons set forth above, the Order under review should be reversed. The Bankruptcy Court must abstain, and the State Court Action must be remanded to the Broward County 17th Judicial Circuit Court of Florida.

> Respectfully submitted,
>
> By: s/ Douglas C. Broeker
> Douglas C. Broeker, Esquire
> Florida Bar No. 306738
> Doug@broekerlaw.com
> SWEETAPPLE, BROEKER & VARKAS, P.L.
> 777 Brickell Avenue, Suite 600
> Miami, Florida 33131
> Tel.: (305) 374-5623
> Fax.: (305) 358-1023
> Counsel for Appellants

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

> By: s/ Douglas C. Broeker
> Douglas C. Broeker, Esquire
> Florida Bar No. 306738

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to: Paul Avron, Esq., Berger Singerman, LLP, 2650 N Military Trail, Suite 240, Boca Raton, Florida 33431-6350 pavron@bergersingerman.com and Rilyn A. Carnahan, Esq., Greenspoon Marder, PA, 222 Lakeview Ave., Suite 800, West Palm Beach FL 33401 rilyn.carnahan@gmlaw.com, on this 21st day of October 2013.

By: s/ Douglas C. Broeker
    Douglas C. Broeker, Esquire
    Florida Bar No. 306738